UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

JOEI LYN SANCHES,

              Plaintiff,

  v.

CITY OF CRESCENT CITY, et al.,

              Defendants.

_____/

No. C 08-05663 MEJ
Related Case: C 08-1395 MEJ

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND (DKT. #15)**

## I. INTRODUCTION

Before the Court is Defendants City of Crescent City (the "City", City of Crescent City Housing Authority ("CCHA"), Susie Mendez, Eli Naffah, and Douglas Plack's (collectively, "Defendants") Motion to Dismiss, filed January 28, 2010. (Dkt. #15.)[1] Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and hereby VACATES the March 18, 2010 hearing.[2] For the reasons discussed below, the Court hereby GRANTS Defendants' motion WITH LEAVE TO AMEND.

## II. BACKGROUND

The following facts are taken from Plaintiff Joei Lyn Sanches' ("Plaintiff") Complaint. Plaintiff worked as the Finance Director for Defendant the "City" from March 23, 2007 until September 25, 2007. The City and CCHA maintain a Public Housing Authority, which obtains and holds in trust monies for United States Department of Housing and Urban Development's ("HUD") Section 8 housing programs. Plaintiff claims that Defendants conspired to use money from HUD to

---

[1] Due to a docketing error, the first three pages of Docket #15 are from another case. The notice of Defendants' motion begins at page four.

[2] As there will be no hearing, Defendants' motion to appear by telephone, (Dkt. #30), is moot.

1 purchase vehicles, chairs, and other office equipment, which she alleges were used for unauthorized 2 purposes. Plaintiff further alleges that Defendants avoided returning excess funds held in trust for 3 HUD, and that the City rewarded Defendant Mendez with higher salary and benefits, which were 4 paid for by unspecified false claims. Plaintiff states that she acquired knowledge of the purchases 5 and intended to begin an investigation into the matter, but Defendants became aware of her intent 6 and summarily terminated her as an act of retaliation.

7 Plaintiff subsequently filed the present complaint on December 18, 2008, alleging that all 8 named Defendants conspired with each other to violate the False Claims Act, 31 U.S.C. § 3729, *et* 9 *seq.* ("FCA"), and that she was terminated by the City in retaliation for her investigation of the 10 alleged misuse of the funds. Plaintiff initially brought the action on behalf of the United States, 11 which declined to intervene in the action. (Dkt. #9.)

12 On January 28, 2010, Defendants filed the present motion to dismiss pursuant to Federal 13 Rule of Civil Procedure ("Rule") 12(b)(6), arguing that Plaintiff's allegations do not constitute 14 sufficient facts to state a claim upon which relief can be granted under the FCA, and that Plaintiff 15 fails to plead with sufficient particularity the acts constituting the fraud alleged in her Complaint.[3] 16 On February 19, 2010, Plaintiff filed her Opposition. (Dkt. #24.) The United States also filed a 17 statement regarding its position on Defendants' motion. (Dkt. #22.) Defendants filed their Reply on 18 February 25, 2010. (Dkt. #26.)

### III. DISCUSSION

20 In their motion, Defendants argue that Plaintiffs' Complaint is deficient on its face because it 21 fails to allege any details of the alleged false claim, such as who submitted a claim and to whom it 22 was submitted, when it was submitted, and the substance of the claim. Defendants further argue that 23 Section 8 housing is not distributed on a "claim" basis; rather they are distributed monthly for 24 administration of the program. Therefore, Defendants argue there is no "claim" process and there

---

[3]Defendants also filed a Request for Judicial Notice, (Dkt. #17), in response to which Plaintiff filed evidentiary objections (Dkt. #23). As the documents at issue are not necessary for the Court's decision herein, the Court shall not consider Plaintiff's objections.

2

can be no false claim as alleged by Plaintiff.

In response, Plaintiff argues that the issue is not whether there is a formal claim - the issue is whether Defendants conspired to defraud HUD. Plaintiff requests that she be given the opportunity to amend her Complaint to state a proper fraud claim. In its statement in response to Defendants' motion, the United States contends that to the extent that Plaintiff is alleging that Defendants knowingly used HUD funds to pay for items that are unrelated to the Section 8 Housing Choice Voucher Program, she indeed states a cause of action under the FCA.

**A.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Rule 8, which provides the standard for judging whether such a cognizable claim exists, requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a motion to dismiss, a complaint need not provide detailed factual allegations. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

In reviewing a motion to dismiss, the court may also consider documents attached to the

complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). In addition, the court may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**B.     Application to the Case at Bar**

Here, the Court finds that Plaintiff has stated enough facts to state a claim to relief that is plausible on its face, and that it can draw a reasonable inference that Defendants are liable for the misconduct alleged. Under the FCA, a "'claim' includes any request or demand, whether under a contract or otherwise, for money or property which is made to a . . . recipient if the United States Government provides any portion of the money or property which is requested or demanded, or if the Government will reimburse such . . . recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(c).[4] The Ninth Circuit has stated that a claim arises under the FCA whenever the government is asked to "pay out money or to forfeit moneys due," that is, any "call on the government fisc." *U.S. ex rel. Hendow v. University of Phoenix*, 461 F. 3d 1166, 1173 (9th Cir. 2006). Thus, funds granted by the federal government remain the property of the United States until those funds are actually expended. *U.S. ex rel. Costa v. Baker & Taylor, Inc.*, 1998 WL 230979, at *8 (N.D. Cal. 1998).

---

[4] On May 20, 2009, Congress passed the Fraud Enforcement and Recovery Act of 2009, P.L. 111-21 (S. 386), 123 Stat. 1617 ("FERA"). Section 4(a)(2) of FERA amends the definition of "claim" in the FCA. 123 Stat. at 1622-23. However, that amendment of the FCA is not retroactive, and does not apply to this action. 123 Stat. at 1625.

Plaintiff alleges that Defendants violated the FCA when they used HUD funds for purposes unrelated to the Section 8 Housing Choice Voucher Program. Plaintiff can prove a violation by demonstrating that Defendants falsely certified that the housing authority was in compliance with its contract, or HUD regulations, whether that certification be express or implied. *See U.S. ex rel. Hendow v. University of Phoenix, supra*, 461 F. 3d at 1171-72 (express certification); *U.S. ex rel. Holder v. Special Devices, Inc.*, 296 F. Supp. 2d 1167, 1175-76 (C.D. Cal. 2003) (implied certification). As Defendants concede, both the Annual Contributions Contract and federal regulation limits the expenditure of HUD funds in a public housing authority's administrative fee reserve to "housing purposes." (Defs.' Mot. at 11:19-20, Attachment 4, ¶ 12(b)); 24 C.F.R. § 982.155(b). Accordingly, Plaintiff has stated a claim for relief and the Court finds no reason to dismiss Plaintiff's Complaint on this basis.

However, as Plaintiff admits in her opposition, her allegations as written do not meet the heightened pleadings requirements for a claim of fraud. Under Rule 9, when fraud is alleged, "a party must state with particularity the circumstances constituting fraud. . . ." Fed. R. Civ. P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (internal citations and quotations omitted). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Id.* (internal citations and quotations omitted). "A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction." *Id.* (internal citations and quotations omitted).

Rule 9(b) serves three purposes:

> (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.

*Id.* (internal citations and quotations omitted). Because, as Plaintiff admits, her Complaint does not

set forth allegations in support of her fraud claim with the required specificity, Plaintiff's fraud claim does not comply with Rule 9(b). Thus, in amending her Complaint, Plaintiff must ensure that she provides the who, what, when, where, and how of the misconduct charged.

## IV.  CONCLUSION

Based on the analysis above, the Court hereby GRANTS Defendants' Motion to Dismiss WITH LEAVE TO AMEND. Plaintiff shall file her amended complaint by April 5, 2010. Defendants shall then file their response by April 29, 2010.

**IT IS SO ORDERED.**

Dated: March 15, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge